**UNITED STATES JUDICIAL PANEL**
**on**
**MULTIDISTRICT LITIGATION**

CERTIFIED A TRUE COPY
KAREN MITCHELL, CLERK
By s/*THOMAS DREW
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF TEXAS
August 7, 2026

**IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** MDL No. 3114

**TRANSFER ORDER**

**Before the Panel:*** *Pro se* plaintiff in the action listed on Schedule A (*Williams II*) moves under Panel Rule 7.1 to vacate the order conditionally transferring the action to the Northern District of Texas for inclusion in MDL No. 3114. Defendant AT&T Inc. opposes the motion and supports transfer.

After considering the parties' arguments, we find that the action involves common questions of fact with the actions transferred to MDL No. 3114, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order establishing this MDL, we held that centralization was warranted for actions concerning "an alleged data security breach announced by AT&T in March 2024 concerning the personal information of over 70 million former and current AT&T customers released on the dark web."[1] *See In re AT&T Inc. Customer Data Sec. Breach Litig.,* 737 F. Supp. 3d 1350, 1351-52 (J.P.M.L. 2024). The *Williams II* action involves overlapping factual issues concerning the AT&T data breach announced in March 2024. Notably, plaintiff filed a substantially similar action against AT&T in June 2024 that is pending in the MDL.[2] Transfer will facilitate the efficient conduct of overlapping pretrial proceedings in *Williams I* and *Williams II*, as well as the other actions in the MDL, and avoid the risk of inconsistent rulings.

In opposition to transfer, plaintiff principally argues that (1) she has opted out of the class settlement in the MDL; (2) her individual action does not share sufficient common questions of fact with the class-based issues in the MDL to support transfer; (3) transfer would be inconvenient; and (4) her *pro se* status weighs against transfer. We find these arguments unpersuasive.

---

* Judge Karen K. Caldwell and Judge David C. Norton did not participate in the decision of this matter.

[1] The personal information allegedly compromised by the breach was from a 2019 data set and included customer names, addresses, phone numbers, social security numbers, dates of birth, AT&T account numbers, and passcodes. *See In re AT&T Inc. Customer Data Sec. Breach Litig.*, 737 F. Supp. 3d at 1352 n.2.

[2] *See Williams v. AT&T, Inc.,* No. 24-01386 (N.D. Tex. filed June 6, 2024) (*Williams I*). Plaintiff filed the action directly in the transferee district. On June 27, 2024, the transferee court ordered *Williams I* consolidated for pretrial proceedings with the actions in MDL No. 3114.

First, we routinely transfer opt-out actions to MDLs with class settlements because of the efficiencies to be gained from the transferee court's management of overlapping actions and expertise in the issues. Indeed, dozens of putative opt-out actions have been transferred to the MDL on this basis.[3] Settlement approval proceedings remain pending, and if the settlement is not granted final approval, substantial pretrial proceedings will remain. Additionally, the transferee court is in the best position to oversee proceedings in any actions that remain pending after approval proceedings have concluded.

Moreover, transfer of plaintiff's opt-out action does not "undo" her election to opt out of the class settlement, as she puts it. As we often have observed, this MDL, like many others, includes both individual and class-based actions, and transfer does not force a plaintiff to become part of the settlement class.[4]

Second, the alleged case-specific damages and discovery in *Williams II* do not preclude transfer. Section 1407 does not require a complete identity of common factual issues or parties when the actions arise from a common factual core.[5] Here, the pretrial proceedings in all actions concerning the AT&T data breach will overlap, regardless of whether the claims are styled as individual or class actions. The existence of individualized factual issues does not negate the efficiencies gained by transfer.

Further, many of plaintiff's alleged injuries – for example, increased risk of identity theft and fraud, undertaking mitigation efforts, and emotional distress – are largely the same types of injuries alleged in the MDL. Indeed, they are the same injuries alleged in the *Williams I* action currently pending in the MDL. Inclusion of plaintiff's duplicative action in the MDL maximizes efficiency, rather than undercutting it.

Third, the alleged inconvenience and burden of a distant forum also is unpersuasive. The Panel looks to "the overall convenience of the parties and witnesses in the litigation, not just those of a single plaintiff or defendant in isolation." *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351-52 (J.P.M.L. 2012). Moreover, because transfer is for pretrial proceedings only, there likely will be no need for plaintiff to travel to the transferee forum.

---

[3] *See, e.g.,* Transfer Order at 2, *In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114 (J.P.M.L. Aug. 7, 2025).

[4] *See, e.g.,* Transfer Order at 2, *In re AT&T Inc. Customer Data Sec. Breach Litig.*, MDL No. 3114 (J.P.M.L. Sept. 30, 2025) ("Transfer does not force plaintiffs to litigate their claims as a class action . . . . [T]hey will be provided an opportunity to opt out of the proposed class action settlement currently pending in the MDL."); Transfer Order at 1-2, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico*, MDL No. 2179 (J.P.M.L. June 8, 2012) ("[P]laintiffs' contention that transfer would deprive them of their constitutional rights to due process and equal protection is unsupported by any authority. To the extent that the contention is grounded in dissatisfaction with the proposed partial settlement reached in the MDL, plaintiffs are under no obligation to participate in that settlement.").

[5] *See In re Valsartan Prods. Liab. Litig.*, 433 F. Supp. 3d 1349, 1352 (J.P.M.L. 2019).

Fourth, it is well-settled that a plaintiff's *pro se* status does not preclude transfer. We regularly transfer actions brought by *pro se* plaintiffs to MDLs to ensure that common pretrial proceedings are coordinated. *See, e.g., In re Snowflake, Inc., Data Sec. Breach Litig.*, 813 F. Supp. 3d 1349, 1351 (J.P.M.L. 2025). Plaintiff asserts that, as a *pro se* plaintiff, she will be excluded from pretrial proceedings due to the complexities of the MDL's leadership structure and pretrial proceedings. But this argument is speculative and based on the presumption that plaintiffs' leadership in the MDL cannot represent the interests of *pro se* plaintiffs in conducting pretrial proceedings. We have rejected similar arguments in the past, observing that the common pretrial proceedings in an MDL will inure to the benefit of individual plaintiffs and transfer will not deny plaintiffs the opportunity to meaningfully participate in pretrial proceedings.[6]

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Texas and, with the consent of that court, assigned to the Honorable Ada E. Brown for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Matthew F. Kennelly
Acting Chair

Dale A. Kimball
M. Casey Rodgers
Madeline Cox Arleo
Richard Seeborg

---

[6] *See e.g., In re Equifax, Inc., Customer Data Sec. Breach Litig.*, MDL No. 2800, 2018 WL 3770539, at *2 & n.1 (J.P.M.L. Aug. 8, 2018) (transferring *pro se* action over due process objection premised on potential "interference by . . . leadership counsel"; noting that "[w]hat has happened and what remains to happen in [the] MDL will inure to the substantial benefit of litigants in later-filed actions" and "that transfer does not deny plaintiff the opportunity to meaningfully participate in pretrial proceedings before the transferee court").

**IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** MDL No. 3114

**SCHEDULE A**

Northern District of California

WILLIAMS v. AT&T INC., C.A. No. 5:26−02458